CLEVELAND, C. & S. R. CO. v. KNICKERBOCKER TRUST CO. et al.

(Circuit Court, N. D. Ohio, E. D. December 11, 1894.)

No. 5,156.

RAILROAD FORECLOSURE—PAYMENT OF INTEREST BY RECEIVER.

 The C. Railroad Co., which was formed by a consolidation of several other railroad companies, made a mortgage, covering its whole line and all its equipment, called the "consolidated mortgage," which was a second lien with reference to other mortgages previously made by the component companies on parts of the line. The C. Co., having become embarrassed, and made, or being about to make, default in payment of interest on all these mortgages, and being also largely indebted for supplies, labor, etc., instituted a suit against the trustees of the several mortgages, and obtained the appointment of a receiver of the road. The trustee of the consolidated mortgage filed a petition asking that the receiver be instructed to pay, out of moneys then in his hands, certain overdue interest on one of the first mortgages, alleging that, if such interest were not paid, foreclosure proceedings would be begun upon such mortgage, and confusion, delay, and litigation would follow, but that in a suit for foreclosure of the consolidated mortgage, which alone covered all the property and equipment of the road, all its liabilities and assets could be marshaled and applied to the various liens attaching to them, and that needless and expensive litigation would thereby be avoided. *Held*, that as it was not alleged that, by a foreclosure of the first mortgage in question, the system would be dismembered and its earning power destroyed, and as the court had incurred large indebtedness in the operation of the road, which it should be its first duty to secure, the receiver would not be directed to pay the interest in question out of the moneys in his hands.

This was a suit by the Cleveland, Canton & Southern Railroad Company against the Knickerbocker Trust Company, Clara Morgan Rotch and others, as executors of William J. Rotch, deceased, and the International Trust Company, to obtain the appointment of a receiver of the complainant company, and to marshal its assets and ascertain the several liens thereon, and obtain a decree enforcing the equities of all parties with reference to the complainant's assets and liabilities. Receivers were appointed by an order entered September 15, 1893. The Knickerbocker Trust Company, trustee under the consolidated mortgage, presented a petition asking that the receivers be directed to pay certain interest on the first mortgage covering a part of complainant's line.

 W. R. Day and C. W. Fairbanks, for the motion.
 Williamson & Cushing, A. T. Brewer, and J. R. Keating, opposed.

 RICKS, District Judge. The petitioner in this case files an application representing:

 "That the complainant company executed a certain mortgage bearing date of May 14, 1892, to the petitioner as trustee, and secured by an issue of 10,000 bonds of $1,000 each; that 600 of said bonds have been issued and are outstanding; that the interest on said bonds falling due December 1, 1893, and thereafter, has not been paid; and that under the provisions of said mortgages, the holders of a majority of said bonds have requested your petitioner to declare the principal of said bonds to be due; and that under the provisions of said mortgage your petitioner has declared said principal to be due and payable, and has served notice of such declaration upon said railroad company, as

required by the terms of the mortgage; and thereupon, under the provisions of said mortgage, the principal of said bonds have become due and payable as they mature, due and payable at the time made payable by their terms. The petitioner further avers that a certain mortgage bearing date of July 1, 1887, executed by the complainant company to the International Trust Company of Boston as trustee, to secure an issue of 2,000 bonds of $1,000 each, aggregating $2,000,000, with interest at the rate of 5 per cent. per annum, payable on the 1st days of July and January of each year, is outstanding as a lien against said property; that said interest had been paid up to January 1, 1894, but the interest becoming due July 1, 1894, amounting to $50,000, has not been paid, and has been due and unpaid since July 1, 1894; that said mortgage is designated as the 'first mortgage,' and the bonds, all of which are now outstanding, constitute the first lien upon that portion of said complainant's railroad extending from Cleveland to Coshocton, and from Canton to Sherrodsville. The petitioner further represents that the receiver heretofore appointed in this action has now in his hands money sufficient to pay said interest on said first mortgage bonds which became due July 1, 1894, in excess of the amount required to pay all current expenses and repairs and taxes which have accrued since the commencement of this action. The petitioner further represents that, as it appears in complainant's bill of complaint, there are various mortgages covering various parts and branches of said complainant's railroad, and that the mortgage executed to your petitioner is the only mortgage which covers all of the property and equipment of said complainant, the same being known as a 'consolidated mortgage'; that if said interest due on said first mortgage bonds should not be paid by January 1, 1895, then under the terms of said mortgage the holders of the bonds thereby secured will cause an action to be brought to foreclose said mortgage on the part of said complainant's railroad covered by said first mortgage; and that a committee of said holders of bonds has already been formed for the purpose of causing said foreclosure proceedings to be commenced as soon as may be after January 1, 1895. The petitioner further represents that said first mortgage was executed by the complainant company before the same was consolidated with the Coshocton & Southern Railroad and other companies into the present complainant organization, and that since such consolidation a large part of the equipment now on complainant's railroad has been acquired, and that therefore the petitioner's mortgage is the only mortgage covering such equipment. The petitioner further represents that said complainant is still indebted to divers and sundry persons in large amounts for supplies and materials furnished within six months prior to the commencement of this action, and that the receiver has no means with which to pay the same; but a number of persons to whom said complainant is indebted as aforesaid have filed intervening petitions in this action, praying the court to order the amounts owing to them, respectively, to be paid; that the unsecured indebtedness amounts to several hundred thousand dollars, the exact amount of which the petitioner refers to as indicated in the reports of the receiver. The petitioner further represents that if foreclosure proceedings should be commenced by the trustee of said first mortgage it would result in inextricable confusion, and would delay and harass said unsecured creditors, and involve them in needless litigation and expense; but, if foreclosure proceedings be commenced by your petitioner, such proceedings will bring the whole of the property, including all the equipment, before the court for adjudication and sale and distribution of proceeds; and your petitioner has therefore directed its solicitors to commence such proceedings at the expiration of the thirty days from the notice hereinbefore mentioned, declaring the principal due. Your petitioner further represents that the property mortgaged by said first mortgage is adequate and abundant security for the payment of the bonds thereby secured, and that the amount of said bonds will undoubtedly have to be paid from the proceeds of any such of complainant's said property; and as said bonds do not mature, according to their terms, till July 1, 1917, it may become greatly to the advantage of the other creditors of said complainant, and the lien holders upon its property, to have the property of said complainant sold subject to said mortgage, and therefore said interest of July 1, 1894, should not be suffered to continue in default so long that the bondholders

secured by said first mortgage may declare the principal of said bonds due, as they may do if the same should not be paid before the end of the present calendar year. Petitioner therefore prays that the receiver may be ordered to pay the interest which became due upon said bonds secured by said first mortgage on July 1, 1894."

This application was argued before me on Saturday last, and, as an early decision was requested, I can only briefly outline the reasons which occur to me now why this motion should be denied. The relief sought for by this petition is not unusual; but the cases, so far as I can now recall them, in which such relief has been allowed, were cases in which a failure to grant the relief would result in a dismemberment of the railroad property mortgaged, or the sale of some part thereof which was exceedingly valuable to the corporation, serving to give it a large part of its business in the transportation of freights, or was valuable to it because of terminal facilities. This was notably the case in the order made by Judge Lacombe in the foreclosure of the New York, Lake Erie & Western Railroad property. But, in the case now before me, the chief reason urged why the relief should be granted is that thereby the petitioner, as trustee, under the consolidated mortgage, would be able to proceed by foreclosure, and bring the main line and all the branches, as well as the equipment, of the complainant corporation into court, to be sold and distributed according as the liens may be hereafter marshaled. It is also urged that such relief would place what is known as the six-months creditors in a more favorable position, and effect more liberal remedies. Granting these reasons to be true, I think them still insufficient to warrant the court in ordering $50,000 to be paid out of the sum now in the hands of the receiver towards the payment of this interest on the first mortgage bonds. This is a proceeding where the insolvent debtor corporation is complainant. The money now in the hands of the receiver, to a certain extent, represents net earnings; but, as against these earnings, the court, since taking possession of the property, has incurred large indebtedness, and I think it should be the first duty of the court to look after the security of this indebtedness, and to pay it as soon as it reasonably can. There are creditors unsecured who have strong equities upon this fund, and I think it would be unjust to them to make any further diversion now. It may well be suggested that, if the advantages to accrue to petitioner are as great as represented, it might properly advance this money, pay off this interest, and then assert its right to be subrogated to the claims of the first mortgage bondholders upon said fund. This is a matter of policy and of business management, which the petitioner alone can determine. As before stated, I am so pressed with other duties that in the short time given me I cannot further go into details, but I think the conclusion reached by the court is a just one. The motion will be overruled.